IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**CATHERINE D. FREDERICK**, *Individually, and on behalf of herself and all other similarly situated current and former employees*,

    Plaintiff,

v.

**CRACKER BARREL OLD COUNTRY STORE, INC.**

    Defendant.

CASE NO. _____

**FLSA Multi-Plaintiff Action**
**JURY DEMANDED**

## ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiff Catherine D. Frederick ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former tipped employees[i], brings this FLSA action against Cracker Barrel Old Country Store, Inc. ("Defendant"), and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former tipped employees.

### II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendant in this district. Defendant's headquarters are in this district and it has conducted business in this district during all times relevant and material to this action.

### III. PARTIES

4. Defendant, Cracker Barrel Old Country Store, Inc., is a Tennessee Corporation with its headquarters located at 305 Hartman Drive, Lebanon, Tennessee 37087.

5. Plaintiff Catherine D. Frederick was employed as an hourly-paid tipped employee at one of Defendant's Cracker Barrel Old Country Store restaurants within the past three years preceding the filing of this multi-plaintiff lawsuit. Plaintiff Frederick's Consent to Join this action is attached hereto as *Exhibit* A.

### IV. COVERAGE

6. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times material to this collective action lawsuit.

7. At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

8. Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Complaint.

9. At all times relevant to this Complaint, Defendant has been subject to the pay requirements of the FLSA because it has been an enterprise engaged in interstate commerce and its employees likewise have been engaged in interstate commerce.

## V.    FACTUAL ALLEGATIONS

10. Defendant has owned and operated Cracker Barrel Old Country Store restaurants in Tennessee, Texas, Georgia, North Carolina, Florida, Kentucky, Oklahoma, Ohio and Indiana during all times material to this action. (Plaintiff was employed and performed work for Defendant at its Murfreesboro, Tennessee Cracker Barrel restaurant during all times material to this action.)

11. Defendant has had a time keeping system in which its employees' compensable work hours have been recorded during all times material.

12. During all times material, Defendant has had a centralized common plan, policy and practice of compensating Plaintiff and those similarly situated under a tip-credit compensation plan, consisting of compensating tipped employees at a sub-minimum wage hourly rate of pay and then crediting tips received by them during their shifts, and combining them with their sub-minimum wages to meet the FLSA minimum wage requirements.

13. Defendant also had a common practice of requiring, inducing, encouraging, and/or suffering and permitting, Plaintiff and those similarly situated to perform work prior to the beginning of their respective shifts within weekly pay periods during all times material, without compensating them for such "off the clock" work at the FLSA minimum wage rate of pay – all in violation of the FLSA

14. In addition, Defendant had a common practice of requiring, inducing, encouraging, and/or suffering and permitting, Plaintiff and those similarly situated to perform work after the ending of their respective shifts within weekly pay periods during all times material, without compensating them for such "off the clock" work at the FLSA Minimum wage rates of pay – all in violation of the FLSA.

15. Consequently, Plaintiff and those similarly situated are entitled to the applicable FLSA minimum wage of $7.25 per hour for all such "off the clock" hours within weekly pay periods during all times material.

16. Moreover, Defendant had a common plan, policy and practice that required Plaintiff and those similarly situated to perform unrelated (dual occupation),[1] non-tip producing tasks at the beginning of their respective shifts while clocked-in to Defendants' time keeping system as tipped employees and only receiving a sub-minimum wage rate of pay- all in violation of the FLSA.

17. Similarly, Defendant had a common plan, policy and practice that required Plaintiff and those similarly situated to perform unrelated (dual occupation),[2] non-tip producing tasks at the ending of their respective shifts while clocked-in to Defendants' timekeeping system as tipped employees and only receiving a sub-minimum wage rate of pay - all in violation of the FLSA.

18. As a result, Plaintiff and those similarly situated are entitled to the applicable FLSA minimum wage of $7.25 per hour for all hours in which they performed such "dual occupation" duties within weekly pay periods during all times material.

19. The aforementioned unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

20. Defendant has violated the FLSA and thereby enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

---

[1] *See* 29 C.F.R. § 531.56(e)

[2] *See* 29 C.F.R. § 531.56(e)

21. Although at this stage Plaintiff is unable to state the exact amount owed to her potential plaintiffs, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## MULTI-PLAINTIFF ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

23. Plaintiff seeks to send notice to the following group of current and former employees of Defendant:

> All current and former hourly-paid tipped employees of Defendant who work (or have worked) at Defendant's Cracker Barrel Old Country Store restaurants at any time during the applicable limitations period covered by this Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiff or those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs")[3]

24. The claims under the FLSA may be pursued by potential plaintiffs who join this case under 29 U.S.C. § 216(b).

25. While the exact number of potential plaintiffs is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, she believes there are more than 800 potential plaintiffs.

26. The claims of Plaintiff are typical of the claims of potential plaintiffs.

---

[3] Plaintiff reserves the right to modify or amend the Multi=Plaintiff Description upon newly discovered information gathered through the discovery process.

27. Plaintiff and potential plaintiffs who work or have worked for Defendant at any of its restaurants were subjected to the same operational, compensation and timekeeping policies and practices which resulted in Defendant failing to pay them the applicable FLSA minimum wage of $7.25 per hour for unrelated "dual occupation" non-tip work.

28. Likewise, the claims of Plaintiff and potential plaintiffs who work or have worked for Defendant "off the clock" at any of its restaurants were subjected to the same operational, compensation and timekeeping policies and practices which resulted in Defendant failing to pay them the applicable FLSA minimum wage of $7.25 per hour for such time.

29. The unpaid wage claims of Plaintiff and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

30. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are aligned with their interests.

31. Plaintiff has no interests adverse to potential plaintiffs.

32. Plaintiff has retained competent counsel who are experienced in FLSA multi-plaintiff action litigation.

33. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by plaintiffs are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for plaintiffs to individually seek address for the wrongs done to them.

34. Plaintiff and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Defendant.

## COUNT I
## FLSA VIOLATIONS

35. Plaintiff incorporates the preceding paragraphs by reference as if fully written herein.

36. This count arises from Defendant's violation of the FLSA by its failure to pay earned minimum wages to Plaintiff and potential plaintiffs, as previously described.

37. Plaintiff and potential plaintiffs were paid hourly rates less than the minimum wage while working for Defendant, as described previously.

38. Defendant's failure to comply with the minimum wage requirements of the FLSA resulted in Plaintiff and potential plaintiffs being paid less than the applicable FLSA minimum wage rates of pay within weekly pay periods during all time material.

39. The unpaid wage claims of Plaintiff and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

40. Defendant's failure to pay the applicable FLSA minimum wage and overtime compensation rates of pay to Plaintiff and potential plaintiffs in violation of the FLSA was willful and in reckless disregard to established FLSA principles.

41. Defendant does not have a good faith basis for its violations.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, requests this Court to grant the following relief against Defendant:

A.  Promptly facilitate notices pursuant to 29 U.S.C. § 216(a), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join this action under 29 U.S.C. § 216(b);

B.  An award of compensation for unpaid minimum wages to Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay.

C.  An award of liquidated damages to Plaintiff and potential plaintiffs; or in the alternative an award of prejudgment interest.

D.  An award of post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs;

E.  An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs;

F.  A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: August 7th 2023                          Respectfully submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BRP #12123)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018

8

Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*